UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MELVIN Q. PERKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:22-cv-00394-SLC |
| | ) |
| **ALLEN COUNTY JAIL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion filed by *pro se* Plaintiff on June 15, 2023, asking that the Court appoint him counsel in this case. (ECF 69). In particular, Plaintiff claims that he needs an attorney to help him prepare an amended complaint. (*Id.*). For the following reasons, Plaintiff's motion will be denied without prejudice.

*A. Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018) (citing *Pruitt*, 503 F.3d at 654-55).

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to

coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (citation and internal quotation marks omitted). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id*.

*B. Analysis*

When considering a *pro se* plaintiff's request for counsel, this Court requires as a threshold matter that the plaintiff first contact at least three attorneys concerning his case. *See, e.g.*, *Jones v. Parkview Hosp., Inc.*, No. 1:16-cv-00408-WCL-SLC, 2019 WL 1014786, at *2 (N.D. Ind. Mar. 4, 2019) (citation omitted). While Plaintiff reports that he has attempted to secure counsel, he attaches communications from just two legal organizations—Indiana Legal Services and the American Civil Liberties Union—not three. (ECF 69-1 at 1-4, 6-7).[1] Therefore, it is unclear whether he has actually satisfied this threshold requirement.

But even if he has contacted at least three attorneys, Plaintiff's request for counsel will be denied on the merits, at least at this stage of the proceedings. Plaintiff alleges in this suit that Defendants were deliberately indifferent to his serious medical needs and subjected him to cruel

---

[1] The third communication Plaintiff attaches is with a "Metro Editor" from the Journal Gazette, rather than a legal organization. (ECF 69-1 at 5).

2

and unusual punishment, in violation of the Eighth Amendment, when they failed to adequately treat his sexually transmitted disease while he was at the Allen County Jail in September 2022. (ECF 1). As to the complexity of the case, "[c]ases involving complex medical evidence are typically more difficult for pro se defendants." *Henderson v. Ghosh*, 755 F.3d 559, 566 (7th Cir. 2014) (collecting cases). Further, to prevail on an Eighth Amendment deliberate indifference claim requires proof of Defendants' state of mind, as Plaintiff will have to establish that Defendants "knew of a substantial risk of harm to him and acted or failed to act in disregard of that risk." *Id.* (brackets and citation omitted). "[P]risoners often face difficulty when litigating constitutional claims that involved the state of mind of the defendant." *Id.* (citations and quotation marks omitted).

Yet, despite this case's potential complexity, Plaintiff appears competent to litigate this case himself at this early stage of the proceedings. He has prepared and filed numerous letters and motions since filing this case in November 2022. (*See*, *e.g.*, ECF 1, 2, 5, 11, 13, 15, 17, 21, 22, 26, 28, 31, 32, 34-38, 40-42, 44-46, 52, 54-56, 62-64). He has appeared at two conferences before the Court, at which he was able to quite aptly articulate his position and legal strategy and respond to the Court's questions. (ECF 47, 50). Thus, it is obvious that Plaintiff is literate and has adequate communication skills, at least for purposes of representing himself. *Cf. McCaa*, 893 F.3d at 1032-33 (concluding that the district court erred by not appropriately considering that the incarcerated plaintiff's mental capacity required him to obtain assistance from another inmate); *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson*, 755 F.3d at 567 (reversing a district court's denial of request for counsel where the record reflected the

plaintiff's low IQ, functional illiteracy, and poor education).

And while Plaintiff now claims that he has "memory loss" that makes it difficulty for him to proceed *pro se* in amending his complaint, his writings filed with the Court set forth the alleged facts of the matter in detail. (*See* ECF 1, 63). Plaintiff is no longer incarcerated, and thus, he has the freedom and ability to perform his own legal research. Further, the task that Plaintiff seeks legal assistance with—amending his complaint—is not complex. As the Court explained in its June 12, 2023, Order, if Plaintiff wants to amend his complaint, he must file a motion seeking leave to do so and "include the original signed proposed amendment as an attachment." (ECF 66 at 1 (quoting N.D. Ind. L.R. 15-1)). The proposed amended complaint "must reproduce the entire pleading as amended" and "must not incorporate another pleading by reference." (*Id.* (quoting N.D. Ind. L.R. 15-1)). That is, Plaintiff may not amend his complaint in piecemeal fashion. (*See* ECF 66 (denying Plaintiff's motion to amend where he filed five different documents (two of which were titled "Amended Civil Complaint"), rather than one comprehensive complaint on the court-supplied form).

Therefore, because Plaintiff appears to be competent and fully capable of representing himself in this suit at this early stage of the proceedings, *see Zarnes*, 64 F.3d at 289, his request for counsel (ECF 69) will be DENIED without prejudice. In the event Plaintiff's case increases in complexity as discovery proceeds or at the summary judgment stage, the Court will reconsider Plaintiff's request for counsel upon further motion.

SO ORDERED. Entered this 5th day of July 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge