UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MELVIN Q. PERKINS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | ) CAUSE NO. 1:22-cv-00394-SLC |
| | ) |
| **ALLEN COUNTY JAIL,** *et al.*, | ) |
| | ) |
|    **Defendants.** | ) |

## **OPINION AND ORDER**

Before the Court is a motion to compel filed by *pro se* Plaintiff on July 5, 2023, asking that the Court order Defendants to send him all camera footage taken at the Allen County Jail from 3:00pm to 4:00pm on September 8, 2022, pertaining to the relevant elevator where he was allegedly attacked. (ECF 74). He claims that Defendants sent him a video recording that was only thirty-two seconds in length but that his alleged assault lasted longer than that. (*Id.* at 2).

Defendants opted not to file a response to the motion to compel within the time frame afforded by Local Rule 7-1(d)(3). (ECF 75 at 1). The Court, however, subsequently ordered Defendants to file a response by August 1, 2023, so that the Court could "better assess Plaintiff's motion." (*Id.* at 3). Defendants have now done so. (ECF 80).

Plaintiff has since filed five other motions relating to his request for video footage, much of which are duplicative in nature. (ECF 83, 84, 86, 88, 95).[1] In one motion filed on August 2, 2023, Plaintiff asks the Court to "rule in [his] favor for the defendant missing the deadline in responding to the motion to compel . . . by August 1." (ECF 83). Contrary to Plaintiff's assertion, Defendants did timely file their response on August 1, 2023 (ECF 80), in compliance with the

---

[1] Plaintiff has also sent another discovery request to Defendants requesting video footage. (ECF 94).

Court's Order (ECF 75), and thus this motion (ECF 83) will be DENIED.

Moving on to the substance of Plaintiff's motion to compel, Plaintiff asserts that Defendants have not released all relevant video recordings pertaining to the September 8, 2022, incident. (ECF 74). Plaintiff claims in his related motions that Defendants are "misleading and deceiving the Courts, and trying to manipulate the case" by withholding this video evidence from him. (ECF 88 at 2; *see also* ECF 86, 95). Plaintiff then asks the Court to "scrutinize and careful[ly] review video footage from the day of September 8, 2022[,] beginning at 3:00pm" and the disciplinary records he filed with this complaint (ECF 1 at 13-14), asserting that they clearly support his claim against Defendants. (ECF 86 at 2; *see also* ECF 84, 88, 95).

In response, Defendants argue that they "have endeavored to locate the additional video recordings that the Plaintiff references in his request . . . . [but] have not been able to locate any documents or recordings responsive to the Plaintiff's request and have expanded their search to include dates and times outside of those listed by the Plaintiff in his Motion." (ECF 80 ¶ 7). Defendants further state that they will "provide any additional video recordings identified, assuming they exist." (*Id.*).

Because Defendants claim they have fully responded to Plaintiff's discovery request for the video footage, Plaintiff is at least entitled to a response stating as much. *See Fishel v. BASF Grp.*, 175 F.R.D. 525, 531 (S.D. Iowa 1997) ("Even if there are no such documents, plaintiff is entitled to a response as required by [Fed. R. Civ. P. 34(b)] and the Court will so order."). Therefore, the motion to compel (ECF 74) is GRANTED to the extent that Defendants are ORDERED to produce an affidavit or declaration by September 7, 2023, signed by the executive officer of the Allen County Jail and each Defendant officer, (1) stating that after diligent search,

the responsive video (or audio) recording from September 8, 2022, is not in their "possession, custody, or control," *Bitler Inv. Venture II, LLC v. Marathon Ashland Petrol, LLC*, No. 1:04-CV-477, 2007 WL 1164970, at *5 (N.D. Ind. Apr. 18, 2007) (citing Fed. R. Civ. P. 34(a)); and (2) describing, *with particularity*, their efforts to locate the responsive video (or audio) footage, including *who* conducted the search and who that person or persons consulted with to conduct that search to ensure the veracity of their statements. *See Traveler v. CSX Transp., Inc.*, No. 1:06-CV-56, 2007 WL 433530, at *2 n.4 (N.D. Ind. Feb. 6, 2007). Further, Defendants are REMINDED that Federal Rule of Civil Procedure 26(e)(1) requires them to supplement or correct their discovery responses in a timely manner if they learn that it is incomplete or incorrect.

As to Plaintiff's various motions that are duplicative of, or relating to, the motion to compel (ECF 83, 84, 86, 88, 95), they are all DENIED. Plaintiff's request that the Court scrutinize and review the video footage and disciplinary records is premature, as this case is still in the discovery phase of the proceedings. If the case proceeds to summary judgment or trial, Plaintiff will have the opportunity at that time to submit any relevant evidence supporting the merits of his claims for the Court's scrutiny. Further, Plaintiff is ADMONISHED to refrain from filing duplicative motions, as any duplicative motions filed in the future will be summarily denied.

SO ORDERED.

Entered this 24th day of August 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge