UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MELVIN Q. PERKINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:22-cv-00394-SLC |
| | ) |
| **ALLEN COUNTY JAIL,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are the following motions filed by *pro se* Plaintiff: (1) motion for updates on case progression, filed on November 17, 2023 (ECF 125); (2) motion of current residency conditions, filed on November 17, 2023 (ECF 124); (3) motion for extension, filed on October 2, 2023 (ECF 122); (4) motion requesting that the discovery disk be mailed to the Court or to the prison, filed on October 2, 2023 (ECF 121); (5) motion to recover digital video footage, filed on September 27, 2023 (ECF 120); (6) motion to amend complaint, filed on September 20, 2023 (ECF 114); and (7) motion for default judgment, filed on September 11, 2023 (ECF 101). Defendants filed a response to the motion for default judgment on September 26, 2023 (ECF 118), but not to any other motion. The Court will address Plaintiff's motions in turn.

*A. Motion for Updates on Case Progression*

In his motion for updates on case progression, Plaintiff inquires about the status of his request to amend his complaint filed on September 27, 2023. (ECF 125). Given that the Court is addressing Plaintiff's motion to amend his complaint (ECF 114) in this Order, Plaintiff's motion for updates on case progression will be DENIED as MOOT.

*B. Motion of Current Residency Conditions*

In his motion of "current residency conditions," Plaintiff informs the Court that he has been released from the Allen County Jail and is now on a work release home detention program. (ECF 124). In doing so, Plaintiff again asks that the Court recruit counsel for him, claiming that he is unable to depose Defendants while he is on home detention and proceeding *pro se*. (*Id.*).

This Court has already addressed Plaintiff's request for counsel in its Orders dated July 5, 2023 (ECF 71), July 25, 2023 (ECF 75), and August 24, 2023 (ECF 98). As the Court has reiterated to Plaintiff, "[i]n the event Plaintiff's case increases in complexity as discovery proceeds or at the summary judgment stage, the Court will reconsider Plaintiff's request for counsel upon further motion." (*Id.* (quoting ECF 75 at 2); *see also* ECF 71 at 4). Plaintiff's transition from incarceration to home detention is not one of these described circumstances, and thus, Plaintiff's request for counsel will again be DENIED.[1]

*C. Motion for Extension*

In his motion for extension, Plaintiff asks that the Court extend all case deadlines by six weeks due to his incarceration. (ECF 122). While the Court has previously told Plaintiff that "[i]ncarceration is not a free pass to open-ended extensions" (ECF 81 at 1), given that Plaintiff has now transitioned from incarceration to home detention, that his requested extension is of reasonable length, and that Defendants have not opposed the request, the Court will GRANT Plaintiff's motion for extension and extend the expert disclosures, discovery, and dispositive motions deadlines by sixty days as follows, setting the following deadlines: December 20, 2023,

---

[1] In any event, as to Plaintiff's desire to depose Defendants, Plaintiff has not shown that he has the ability to pay the deposition costs necessary to depose Defendants, and the Court will not pay these costs. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); *Saddler v. Hewitt*, No. 19-cv-81-jdp, 2020 WL 1689682, at *3 (W.D. Wis. April 7, 2020); *Werner v. Hamblin*, No. 12-C-0096, 2013 WL 788076, at *1 (E.D. Wis. Mar. 1, 2013).

for Plaintiff's expert disclosures; January 22, 2024, for Defendants' expert disclosures; March 15, 2024, for the completion of all discovery; and April 26, 2024, for the filing of dispositive motions.[2]

### D. Motion Requesting That the Discovery Disk Be Mailed to the Court or to the Prison and Motion to Recover Digital Video Footage

The Court will address Plaintiff's motion requesting that the discovery disk be mailed to the Court or to the prison and Plaintiff's motion to recover digital video footage together, as the motions request similar relief. (ECF 120, 121). In the motions, Plaintiff asserts that he was unable to view the video evidence while he was incarcerated and asks the Court to "authorize/order the Allen County Jail to allow [him] to view the digital video footage . . . ." (ECF 120 at 1). Plaintiff further states that he is afraid Defendants will destroy the video evidence, and thus, he asks that the Court order the video evidence "either be sent back to [the Court] or [to Plaintiff] so the Allen County Jail does not destroy or alter it." (ECF 121 at 1; *see also* ECF 120 at 1 ("Plaintiff fear[s] that the defendants will somehow get rid of the disk . . . .")).

Plaintiff's request that the Court order the Allen County Jail to allow him to view the video evidence is moot, given that Plaintiff is no longer incarcerated. And as to Plaintiff's request for a preservation order, "where the need expressed by the moving party for a preservation order is based upon an indefinite or unspecified possibility of the loss or destruction of evidence, rather than a specific, significant, imminent threat of loss, a preservation order usually will not be justified." *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 435 (W.D. Pa. 2004). Here, Plaintiff offers nothing other than mere speculation in support of his request for a preservation order.

---

[2] While Plaintiff requested a 42-day extension, the Court *sua sponte* affords him a 60-day extension.

In any event, Defendants have already manually filed copies of the video evidence with the Clerk's Office in accordance with Local Rule 26-2, which requires that "[a]ll discovery material in cases involving a pro se party must be filed." N.D. Ind. L.R. 26-2(a)(2). The case docket reveals that Defendants manually filed "a video recording from the Allen County Jail's surveillance system of Block 6-B" on May 17, 2023 (ECF 60, 61), and "video recordings from 6B Block to E Block, including time spent in various hallways, the nursing area, and the elevator" on September 18, 2023 (ECF 110, 111).

Therefore, Plaintiff's motion requesting that the discovery disk be mailed to the Court or to the prison (ECF 121) and Plaintiff's motion to recover digital video footage (ECF 120) will both be DENIED.

*E. Motion to Amend Complaint*

Plaintiff filed a motion to amend complaint on September 20, 2023, together with a proposed amended complaint and exhibits, seeking to add several confinement officers and medical staff as additional defendants and to clarify his allegations against all defendants. (ECF 114, 114-1 to 114-3). As stated earlier, Defendants have not filed a response to the motion.

The deadline for Plaintiff to seek leave to amend his complaint was October 6, 2023, and thus his motion is timely filed. (ECF 104). Given that the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2); *see also* Fed. R. Civ. P. 20 (permissive joinder of parties), and the motion is unopposed, Plaintiff's motion will be GRANTED.

*F. Motion for Default Judgment*

Finally, in his motion for default judgment, Plaintiff asks that the Court enter a sanction of default judgment against Defendants pursuant to Federal Rule of Civil Procedure 37 due to

4

Defendants' failure to timely comply with the Court's August 24, 2023, Order and deliver their discovery responses or affidavits by September 7, 2023. (ECF 101; *see* ECF 96, 106-112, 115-117). Defendants filed a response to Plaintiff's motion, acknowledging that their counsel "mistakenly missed the filing deadline of a responsive affidavit or other pleading regarding the search for additional video" and that "[t]he error was solely that of Defendants' counsel." (ECF 118 ¶ 2; *see also* ECF 107 ¶ 2). Defendants assert that because they did not miss the deadline willfully or in bad faith, and because they promptly provided the overdue discovery responses on September 18, 2023, after the missed deadline was brought to their attention, the sanction of default judgment is not appropriate here. (ECF 118 ¶ 7).

"[S]anctions may only be imposed where a party fails to comply with a discovery order and displays wilfulness, bad faith or fault." *Philips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992) (citation omitted). Further, "[t]he sanction imposed must be proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citations omitted). "While dismissal and default judgment are within the Court's discretion, they are the most severe sanctions in the Court's arsenal and 'should be used only in extreme situations . . . .'" *Med. Assurance Co. v. Weinberger*, No. 4:06-CV-117 JD, 2012 WL 4050305, at *5 (N.D. Ind. Sept. 12, 2012) (quoting *Sun v. Bd. of Trs. of Univ. of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007)).

Defendants missed the September 7, 2023, deadline set forth in the Court's August 24, 2023, Order (ECF 96), but there is no evidence they had willfulness, bad faith, or fault in doing so. Indeed, Defendants promptly remedied their oversight in response to the Court's Order dated September 13, 2023 (ECF 106), pointing out the missed deadline (ECF 107-111), and they further supplemented their response in accordance with the Court's Order dated September 19,

5

2023 (ECF 112, 115-117). These circumstances are not the "extreme situations" described by courts when imposing the severe sanction of default judgment against a defendant. *See Med. Assurance Co.*, 2012 WL 4050305, at *5. Accordingly, Plaintiff's motion for default judgment (ECF 101) will be DENIED.

### G. Conclusion

For the foregoing reasons, the Court rules on Plaintiff's pending motions as follows:

(1) Plaintiff's motion for updates on case progression (ECF 125) is DENIED as MOOT;

(2) Plaintiff's motion of current residency conditions (ECF 124) is DENIED;

(3) Plaintiff's motion for extension (ECF 122) is GRANTED in that the Court sets the following deadlines: December 20, 2023, for Plaintiff's expert disclosures; January 22, 2024, for Defendants' expert disclosures; March 15, 2024, for the completion of all discovery; and April 26, 2024, for the filing of dispositive motions;

(4) Plaintiff's motion requesting that the discovery disk be mailed to the Court or to the prison (ECF 121) and Plaintiff's motion to recover digital video footage (ECF 120) are both DENIED;

(5) Plaintiff's motion to amend complaint (ECF 114) is GRANTED; the Clerk is DIRECTED to show the amended complaint (ECF 114-2) and exhibits (ECF 114-3) as FILED, and is FURTHER DIRECTED to request Waiver of Service from the new defendants (*see* ECF 3); and

(6) Plaintiff's motion for default judgment (ECF 101) is DENIED.

SO ORDERED. Entered this 7th day of December 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge