UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MELVIN Q. PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN COUNTY JAIL, *et al.*,<br><br>Defendants. | CAUSE NO. 1:22-cv-00394-SLC |

**OPINION AND ORDER**

Melvin Q. Perkins, a prisoner without counsel, filed a motion to compel discovery. (ECF 174). The Court has "broad discretion to . . . manage discovery under Rule 26 of the civil rules." *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017) (citation omitted). Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The Court should consider such factors as "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Information "need not be admissible in evidence to be discoverable." *Id.* For "good cause . . . [and] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," the Court can preclude the discovery of otherwise relevant information, Fed. R. Civ. P. 26(c)(1)(A), or require that information "be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

Liberally construing Perkins's filings as the Court must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it can be discerned that he is trying to obtain documents pertaining to the treatment he received at the Allen County Jail in order to prove his claims against Defendants Ashley Woods, Jordan Gregory, Dr. Galperin, Regina Adams, and Sarrina Aricks (herein "the Medical Defendants"). (ECF 172). He submits a certificate of service indicating that he served a discovery request on counsel for the Medical Defendants on July 8, 2024.[1] (ECF 172-1). Although his request was inartfully drafted, it is evident that he intended it as a request for production of documents pursuant to Federal Rule of Civil Procedure 34. The Court understands him to be seeking five categories of documents: (1) any and all medical request forms he submitted at the jail between September 4, 2022, and October 11, 2022; (2) his medical records reflecting treatment he received at the Jail from the period September 4, 2022, to October 11, 2022; (3) "Board of Health" forms; (4) laboratory reports pertaining to his care that were issued between September 8, 2022, and October 11, 2022; and (5) Quality Correctional Care policies regarding the provision of medical care to inmates. (ECF 172 at 1-2).

Because this case involves a *pro se* litigant, all discovery in the case must be filed. N.D. Ind. L.R. 26-2(a)(2)(A). However, there is nothing on the docket to indicate that the Medical Defendants ever responded to Perkins's discovery request. Additionally, by operation of N.D. Ind. L.R. 7-1(b), a response to Perkins's motion to compel was due September 9, 2024, but the Medical Defendants did not file any response to the motion

---

[1] For unknown reasons, Perkins's discovery request did not reach this Court by mail until August 12, 2024. (*See* ECF 172).

either. This has made it difficult for the Court to assess whether the discovery request was overlooked by the Medical Defendants or whether some response was served on him but not filed with the Court. The Court expects that counsel for the Medical Defendants will pay closer attention to *pro se* Plaintiff's filings in the future.

Upon review of the motion, the Court finds that documents sought in categories 1, 2, and 4 are relevant to Perkins's claims against the Medical Defendants. However, the docket reflects that those records were already produced to him at an earlier stage of this case. Specifically, Allen County Jail, Julienne Graham, Shane A. Zakhi, and Nichola Hartman (herein "the Jail Defendants") produced his jail medical records from the relevant period, including documents reflecting treatment he received, medical requests he submitted, and reports of laboratory tests that were performed. (ECF 59-3 at 1-53). Perkins does not acknowledge the earlier production in his motion to compel. Nevertheless, the Court is cognizant that he has moved multiple times during the course of this litigation, and it appears from his recent filings that he may no longer have these documents in his possession. For his convenience, the clerk will send him an additional copy of his medical records (ECF 59-3), but the Court declines to grant his motion to compel the production of documents he has already received.

Additionally, as to categories 4 and 5, the Court finds them of limited relevance to Perkins's medical claims, overbroad, and/or disproportionate to the needs of the case. He has not adequately explained why he needs "Board of Health" forms, nor is it apparent what these documents are or how they would help him prove his claims against medical staff for failing to provide him with adequate medical treatment during

the relevant period. Similarly, he requests written policies from the Medical Defendants' employer, Quality Correctional Care, but this corporate defendant is not a party to the litigation and he is not pursuing a policy and practice claim. Furthermore, the alleged violation of policy by the Medical Defendants is of limited relevance to an analysis of his constitutional claims and is likely to confuse the issues. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations . . . ."). The Court will not order the production of these documents.

As final matter, Perkins filed two other documents that he labeled, "Plaintiff Demand Request" (ECF 175) and "Plaintiff Claims Against Defendants" (ECF 176). It is unclear what these filings are, but it appears he may be trying to amend his complaint.[2] He cannot amend his complaint in a piecemeal fashion (or in legal terms, by "interlineation") because an amended complaint will supersede all earlier pleadings and control the case from that point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended" rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1. Perkins was previously alerted to this requirement (ECF 10), and he is expected to comply with applicable procedural rules

---

[2] Although unclear, the first document may be a monetary demand to settle the case. (*See* ECF 175). Perkins is free to engage in informal settlement discussions with defense counsel, but he does not need to file documents with the Court related to such discussions. To the extent he is asking the Court to help settle the case, the Court does not find a formal settlement conference useful at this time.

even though he is proceeding without counsel. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019).

More importantly, however, the deadline for amending the pleadings expired in October 2023, almost a full year ago. (ECF 75). Perkins was already granted leave to amend his complaint once to add entirely new claims against five additional defendants. (ECF 126, 127). At this point, the case is nearly two years old, and substantial proceedings have already occurred. Discovery and dispositive motions have been completed as to his claims against the Jail Defendants. (ECF 151; *see also* ECF 157 n.1). Discovery pertaining to his claims against the Medical Defendants is about to close, and the dispositive motion deadline is less than two months away. (ECF 169). It is not the time for him to be amending his complaint or adding new claims. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002) ("Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation."); *see also Christopher v. Liu*, 861 F. App'x 675, 678 (7th Cir. 2021) (leave to amend was properly denied where prisoner-plaintiff sought to amend his complaint again two months prior to dispositive motion deadline). For clarity of the record, his two purported amendments will be stricken.

For these reasons, the Court:

(1) DIRECTS the clerk to send Plaintiff an additional copy of his medical records (ECF 59-3) and DENIES his motion to compel (ECF 174) in all other respects;

(2) STRIKES the "Plaintiff Demand Request" (ECF 175) and "Plaintiff Claims Against Defendants" (ECF 176).

SO ORDERED.

Entered this 23rd day of September 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge